

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 31, 2019

**BY ECF**
Hon. Richard M. Berman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Solomon Peterson*, 19 Cr. 555 (RMB)

Dear Judge Berman:

    The defendant in this case, Solomon Peterson, is scheduled to be sentenced on January 6, 2020 at 10 a.m. The defendant previously pled guilty to possessing a firearm after having been convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1). For the reasons explained below, the Government submits that a sentence within the United States Sentencing Guidelines ("Guidelines") range determined by the Probation Department, of 30 to 37 months' imprisonment, is warranted.

    **I.**    **Offense Conduct**

    During the day, on July 5, 2019, the defendant, wearing pants, boots and a white tank top, entered a barbershop in the Bronx, New York. (PSR ¶ 9.) Inside, he had a dispute with several individuals and became aggressive. (*Id*.) Ultimately, the defendant left the barbershop. Sometime later, the defendant returned to outside the barbershop's storefront. This time he carried around his neck a shoulder bag. (*Id.*) The defendant continued to engage individuals from the barbershop and escalated the dispute until it became physical. (PSR ¶ 10.) One man, after a struggle, removed the bag from the defendant. The defendant then fled the scene. (*Id*.) Inside the bag was an unloaded Colt Python .357 caliber firearm. (PSR ¶ 11.)

    Surveillance video captured the above-described incident. And, surveillance video from inside a nearby apartment building also recorded the defendant—dressed in the same clothes—enter an apartment shortly after his gun was taken from him. Law enforcement executed a search warrant on that apartment and found inside indicia of the defendant's occupancy further corroborating that the defendant was the individual recorded near the barbershop who brought with him a firearm to a dispute with others. (*See* PSR ¶ 13.)

    Peterson was previously convicted of two felonies: (i) on December 16, 2008, in Bronx County Supreme Court, for robbery in the 3rd Degree, in violation of New York Penal Law § 160.05, PSR ¶ 35; and (ii) on March 18, 2009, in Bronx County Supreme Court, for attempted

Hon. Richard M. Berman
December 31, 2019
Page 2 of 4

criminal sale of a controlled substance in or near school grounds or on a school bus, in violation of New York Penal Law § 220.44, PSR ¶ 32.

The defendant was charged by complaint on July 12, 2019 with being a felon in possession of firearm and arrested on July 17, 2019. Following an argument, Magistrate Judge Kevin Fox ordered the defendant detained pending trial. On July 31, 2019, a grand jury returned a one count indictment charging the defendant with violating Title 18, United States Code, Section 922(g)(1).

The defendant plead guilty on September 23, 2019 before a Magistrate Judge Lehrburger and this Court accepted the defendant's guilty plea on October 10, 2019. The defendant pled guilty without an agreement with the Government.

The Probation Department filed the Final Presentence Report on December 13, 2019, determining that the appropriate Guidelines range was 30 to 37 months, based on a total offense level of 17 and a Criminal History Category III. The Probation Department recommends a Guidelines sentence of 30 months. The Government set forth its view of the applicable Guidelines calculation in a *Pimentel* letter dated August 9, 2019, which did not provide for a three-level reduction in the offense level for the defendant's acceptance of responsibility because the defendant had not then accepted responsibility. Based upon the defendant's plea and his allocution, the Government agrees the defendant has accepted responsibility and further agrees with the Guidelines calculation as set forth in the PSR.

## II.     The Defendant's Sentencing Submission

The defendant's sentencing submission seeks a below-Guidelines sentence of 24 months' incarceration. The defendant' submission argues that the defendant's criminal history "consists of relatively minor charges." (Def. Submission at 2.) The submission further argues that 24 months' is a proportional sentence that will allow the defendant to better "reintegrate into the community." (*Id.*)

## III.    Discussion

A sentence within the applicable Guidelines range of 30 to 37 months' imprisonment is necessary in this case to reflect the seriousness of the defendant's offense, to protect the public and promote the purpose of the law, and to afford adequate deterrence of future criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

A sentence within the Guidelines range is necessary to reflect the seriousness of the offense and promote the purpose of the law. Here, the defendant's use of a firearm is particularly concerning because its possession was designed to escalate a dispute he had with others. Indeed, the defendant engaged in a mostly verbal dispute and then left the location of that dispute, not to defuse tension, but to obtain a firearm. Then the defendant took the remarkable step of returning to the individuals with whom he had argued while armed with a weapon. Thus, in this case, the defendant intended to use the firearm as an accelerant to escalate what had otherwise been a

relatively mundane quarrel. It was not simply a weapon possessed by someone who had previously been convicted of a felony. The defendant intended to use a firearm in a dispute.

That the Colt Python was not loaded is not a significantly mitigating factor. The presence of even an unloaded firearm in a dispute has the potential to place many individuals in danger and in fear of their lives. No one other than the defendant could know that the weapon was unloaded and, indeed, the purpose of bringing such a weapon is presumably to frighten others so confronted. Furthermore, a firearm presents danger and escalates risk regardless of whether it is loaded. For example, had law enforcement officers responded, or the individuals with whom the defendant fought, observed the gun in the open their responses could have justifiably included use of other weapons. This would put many in danger—including the defendant. Indeed, in several other contexts, the Guidelines recognize that mere possession of a dangerous weapon—even if not a firearm—is an aggravating factor given its potential to place others in peril and escalate danger. *See e.g.*, U.S.S.G. §§ 2B3.1(b)(2)(E); 2B3.2(b)(3)(A)(v).

The defendant's criminal history is lengthy; and suggests a need for specific deterrence to prevent the defendant from engaging in additional crimes. This marks the defendant's tenth criminal conviction. The first occurred in 2008 at age 19, and as the defendant has grown his engagement in criminal activity has continued. Although many of the ten convictions are lower-level marijuana offenses, that is not the outer limit of criminal activity. The defendant was convicted of robbery and sold crack in 2015. The instant conviction, however, appears to be the most serious and suggests a willingness by the defendant to engage in armed violent behavior and marks a significant escalation from his prior criminal convictions.

General deterrence is also an important consideration. The danger of firearms in New York City remains a persistent and considerable threat to public safety. That their illegal possession marks a serious offense and one worthy of significant criminal sanction is an appropriate message for the Court to send. Especially to others similarly situated—that is, others who may be involved in a dispute, leave that that dispute and consider whether to make the choice this defendant did, which is to return to the location of the dispute while armed.

Hon. Richard M. Berman
December 31, 2019
Page 4 of 4

### IV. Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Guidelines range of 30 to 37 months' imprisonment.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

by:  /s/_____
      Ryan B. Finkel
      Mollie Bracewell
      Assistant United States Attorneys
      (212) 637-6612 / 2218